# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEMP SAMUEL, JR.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>UNKNOWN,<br><br>　　　　Defendant. | Case No. 1:13-cv-01116-AWI-DLB PC<br><br>**FIRST SCREENING ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO AMEND**<br><br>(ECF No. 1)<br><br>RESPONSE DUE WITHIN THIRTY DAYS |

## I.    Background

Plaintiff Kemp Samuel, Jr. ("Plaintiff") is a prisoner in the custody of the Fresno County Jail. Plaintiff is proceeding pro se in this civil action pursuant to 42 U.S.C. § 1983. Plaintiff filed his original complaint on July 18, 2013, which is presently before the Court for screening. (ECF No. 1.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1),(2).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a

1  claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).  While factual
2  allegations are accepted as true, legal conclusions are not.  *Id.*

## II. **Summary of Complaint**

Plaintiff is incarcerated at the Fresno County Jail in Fresno, California.  Plaintiff names no defendants in this action and fails to state any coherent allegations.  Section 1983 provides a cause of action for the violation of constitutional or other federal rights by those acting under color of state law.  *E.g., Patel v. Kent School Dist.*, 648 F.3d 965, 971 (9th Cir. 2011); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).  For each defendant named, Plaintiff must show a causal link between the violation of his rights and an action or omission of the defendant.  *Iqbal*, 556 U.S. at 1949-50; *Starr v. Baca*, 652 F.3d 1202, 1205-06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009).  Here, Plaintiff has not linked any defendants to any viable claims for relief arising out of the violation of Plaintiff's federal rights.  Plaintiff's vague allegations do not demonstrate a violation of any right.

## III. **Conclusion and Order**

Plaintiff fails to state any cognizable federal claims against any Defendants.  The Court will provide Plaintiff with an opportunity to file an amended complaint curing the deficiencies identified by the Court in this order.  *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff decides to amend, Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights.  *See Iqbal*, 556 U.S. at 678.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  *Twombly*, 550 U.S. at 555.

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) overruled in part on other grounds, *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. Aug. 29, 2012) (en banc); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or

superseded pleading," Local Rule 220.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Plaintiff's complaint is dismissed for failure to state a claim, with leave to file an amended complaint within thirty (30) days from the date of service of this order;

3. Plaintiff may not add any new, unrelated claims to this action via the first amended complaint and any attempt to do so may result in an order striking the first amended complaint; and

4. If Plaintiff fails to comply with this order, the Court will dismiss this action for failure to obey a court order and failure to state a claim.

IT IS SO ORDERED.

Dated:   **April 23, 2014**                              /s/ *Dennis L. Beck*
                                                         UNITED STATES MAGISTRATE JUDGE